# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SCOTT B. SULLIVAN, )
)
        Plaintiff, )
)
v. ) Case No: 19-cv-2078-JAR-TJJ
)
UNIVERSITY OF KANSAS )
HOSPITAL AUTHORITY, et al., )
)
        Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant United States' Motion to Stay Discovery (ECF No. 104). In its motion, Defendant United States of America[1] asks the undersigned Magistrate Judge to enter a stay of discovery pending the presiding District Judge's ruling on its Motion to Dismiss (ECF No. 102). Plaintiff opposes the requested stay. For the reasons discussed below, the Court grants the motion.

Plaintiff's claims arise out of his April 8, 2014 visit to the Emergency Department at the University of Kansas Medical Center, where he went for treatment of what he later learned is Tarlov Cyst Disease, and subsequent encounters with other Defendants. Plaintiff, who is pro se, has filed an amended complaint asserting claims against twenty Defendants, including claims alleging violations of the Americans with Disabilities Act, Rehabilitation Act, Kansas Consumer Protection Act, breach of contract, and a number of intentional torts. Plaintiff also asserts the United States Department of Justice should investigate and enforce the Civil Rights Act. All but one of the Defendants have filed motions to dismiss the amended complaint pursuant to Federal

---

[1] During the Scheduling Conference held in this case on August 6, 2019, the other Defendants orally joined in the motion.

Rule of Civil Procedure 12(b)(1) and (6), asserting lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[2]

The undersigned Magistrate Judge advised the parties that this motion would be addressed during the August 6, 2019 Scheduling Conference. Plaintiff filed a response and requested oral argument. The Court granted the request and listened to Plaintiff's lengthy arguments during the scheduling conference. The Court took the motion under advisement and now issues this order.

## I. Legal Standard for Motion to Stay Discovery

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[3] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[4] Therefore, as a general rule, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion.[5] A stay is not favored because it can delay a timely resolution of the matter.[6]

> Although, upon a showing of good cause, the court may . . . stay or limit
> the scope of discovery to protect a party from annoyance, embarrassment,
> oppression or undue burden or expense, bare assertions that discovery will
> be unduly burdensome or that it should be stayed because pending

---

[2] ECF Nos. 62, 64, 66, 102.

[3] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).

[4] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[5] *McCoy*, 2007 WL 2071770, at *2.

[6] *Wolf v. United States*, 157 F.R.D 494, 495 (D. Kan. 1994).

dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.[7]

However, a stay pending a ruling on a dispositive motion is appropriate where the case is *likely* to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the pending motion, or where discovery on all issues in the case would be wasteful and burdensome.[8]

A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[9]

## II. The Parties' Arguments

Defendant United States argues all discovery should be stayed pending a ruling on its motion to dismiss because the motion is very likely to be completely dispositive, the facts sought through discovery would not affect the ruling on the motion, discovery would not reveal new or additional facts that would affect the ruling on its motion to dismiss, and discovery would be wasteful and burdensome to Defendant. Even if the amended complaint is not dismissed in its entirety, Defendant argues that staying discovery until the motion is ruled will allow the parties to focus on the issues as narrowed.

Plaintiff objects to the stay of discovery with a lengthy response that focuses on his medical issues. In his written response, Plaintiff does not address the legal standard for ruling on

---

[7] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).

[8] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495). Cases in this district frequently refer to these circumstances as "the *Wolf* factors."

[9] *Evello Invs. N.V.*, 1995 WL 135613, at *3.

a motion to stay. Plaintiff focuses on his medical condition and posits his understanding of what the Department of Justice should do in response to his request for an investigation.

**III.     Application of the Standard to This Case**

Based on the wide-ranging amended complaint, discovery in this case may prove burdensome to all parties. The Court finds that Plaintiff's arguments do not address the relevant legal standards. On balance, the Court finds discovery should be stayed. The inconvenience of a temporary stay pending rulings on the motions to dismiss is outweighed by the inefficiency and burden of discovery.

**IT IS THEREFORE ORDERED** that Defendant United States' Motion to Stay Discovery (ECF No. 104)) is **GRANTED**. Discovery is stayed pending District Judge Robinson's ruling on the United States' pending motion to dismiss. If any of Plaintiff's claims survive her order, the undersigned Magistrate Judge will convene another Scheduling Conference.

Dated in Kansas City, Kansas on this 13th day of August, 2019.

Teresa J. James
U. S. Magistrate Judge